MEMORANDUM **
Adriana Vega Pantoja, a native and citizen of Mexico, petitions for review of the *322 Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the BIA’s February 8, 2007, order because this petition is not timely as to that order. See Singh v. INS, 315 F.3d 1186, 1188 (9th Cir.2003).
We lack jurisdiction to review the agency’s discretionary determination that Vega Pantoja failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). We do not consider Vega Pantoja’s contention regarding physical presence because her failure to establish the requisite hardship is dispositive.
Vega Pantoja’s due process claim fails because the proceedings were not “so fundamentally unfair that [she] was prevented from reasonably presenting [her] case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Vega Pantoja failed to demonstrate that additional testimony may have affected the outcome of the proceedings. See id. (requiring prejudice to prevail on a due process challenge).
Vega Pantoja’s remaining contention is unavailing.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.